Peoples v. Ortiz                                                                                                    Doc. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00153-BNB

LOUIS PEOPLES,

    Plaintiff,

v.

JOSEPH ORTIZ, Executive Director, C.D.O.C.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 5 2007

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Louis Peoples is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Peoples initiated this action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Peoples is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Peoples will be ordered to file an amended complaint.

    The court has reviewed the complaint and finds that it is deficient because Mr. Peoples fails to allege specific facts that demonstrate how the named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260,

Dockets.Justia.com

1262-63 (10th Cir. 1976). Therefore, Mr. Peoples will be ordered to file an amended complaint to allege personal participation. To establish personal participation, Mr. Peoples must show that Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Peoples file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Peoples, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Peoples fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 5, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00153-BNB

Louis Peoples
Prisoner No. 43943
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

   I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/5/07

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk