IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00153-WDM-CBS

LOUIS PEOPLES,
    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, C.D.O.C. (Individual and Official capacity),
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant's Motion to Dismiss Amended Complaint [filed June 18, 2007; doc. # 20]. Pursuant to the Order of Reference dated May 31, 2007 (doc. # 17) and the memorandum dated June 19, 2007 (doc. # 22) this matter was referred to the Magistrate Judge. The court has reviewed the Motion and Defendant's Brief [filed June 18, 2007; doc. # 21], the Plaintiff's Motion in Response to Defendant's Dismissal Pursuant to 12(b)(6) [filed October 16, 2007; doc. # 36] ("Response"), the pleadings and exhibits, and the entire case file and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Peoples is currently incarcerated in the Limon Correction Facility ("LCF") in Limon, CO. (*See* Amended Complaint (doc. # 9)). Proceeding *pro se*, Mr. Peoples filed his initial Complaint on or about January 22, 2007 (doc. # 3). On March 15, 2007, at the direction of the court (*see* "Order Directing Plaintiff to File Amended Complaint" (doc. # 6)), Mr. Peoples filed his Amended Prisoner Complaint ("Amended Complaint")(doc. # 9).

1

Mr. Peoples' first claim alleges pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated because he was denied "constitutionally mandated hygienic supplies and medical treatment based on [his] indigenc[e]" and he was "forced to choose between being able to receive hygienic supplies and/or medical treatment and being able to access the courts." (*See* Amended Complaint (doc. # 9) at p. 3 of 28 ¶ 1). Mr. Peoples' second claim asserts that the "seizure of funds deposited to [his] trust account for collection of restitution and/or court costs which have already been paid in full" constitutes a violation of his due process rights and Fifth Amendment right against double jeopardy. (*See id.* at p. 3 of 28 ¶ 2). Mr. Peoples sues Defendant Zavaras in his individual and official capacity. (*See id.* at pp. 1 -2 of 28). Mr. Peoples seeks damages as well as declaratory and injunctive relief. (*See id.* at p. 14 of 28).

Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for several reasons: (1) the claims against Zavaras in his official capacity are barred by the Eleventh Amendment; (2) failure to allege personal participation by Defendant Zavaras; (3) failure to state a claim upon which relief can be granted under the Eighth Amendment; (4) failure to state a constitutional violation relating to the restitution claim; (5) the claims are barred by the statute of limitations; and (6) Defendant Zavaras is entitled to qualified immunity.

II.     Defendant's Motion to Dismiss

The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific

allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F.3d at 1215 n. 2. (citing *Bell Atlantic Corp. v. Twombly,* — U.S. —, —, 127 S. Ct. 1955, 1968-69 (2007) ("the old standard, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' is 'best forgotten as an incomplete, negative gloss on an accepted pleading standard'")).[1]

Because Mr. Peoples appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A. Analysis

Section 1983 creates a cause of action where a "person…under color of any statute, ordinance, regulation, custom or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person…to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violation of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the

---

[1] The court notes that its Recommendation in this case would be the same regardless of whether it applied "the old 'no set of facts' standard, *see, e.g. David*, 101 F. 3d at 1352, or...either a plausibility standard or a requirement that the complaint include factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Alvarado*, 493 F.3d at 1215 n. 2. (citing *Bell Atlantic Corp.* 127 S. Ct. at 1965).

3

Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

    1.    Liability of Defendant Zavaras in his Official Capacity

Mr. Peoples brings his claims against Defendant Zavaras in both his individual capacity and his official capacity. (*See* Amended Complaint (doc. # 9) at pp. 1-2 of 28). To the extent that Mr. Peoples is suing Defendant Zavaras in his official capacity, he is actually attempting to impose liability on Defendant Zavaras' employer, the Colorado Department of Corrections ("CDOC"). *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is a state agency which was created pursuant to Colo. Rev. Stat. §§ 24-1-128.5 and 17-1-101, *et seq.* "Neither the state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). A lawsuit against a public official in his official capacity is the equivalent of a suit against a public entity and is barred. *Id.* Such entities cannot be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil liberties. The Eleventh Amendment confers total immunity from suit, not merely a defense of liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted). To the extent that Mr. Peoples seeks damages, his claims against Defendant Zavaras in his official capacity are properly dismissed with prejudice.

    2.    Liability Under § 1983 of Defendant in His Individual Capacity

The Eleventh Amendment does not bar actions for damages against state officials in their

individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). To the extent that Mr. Peoples is suing Defendant Zavaras in his individual capacity, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he takes under color of state law. *Id.* at 165-67.

      a.      Failure to State a Claim Against Defendant Zavaras

For the court to make a finding that a defendant is liable under § 1983, the defendant must be personally involved. *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A defendant may not be held liable merely because of his supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 2001). A plaintiff must allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Defendant Zavaras argues that Mr. Peoples has failed to plead sufficient facts to demonstrate that he had any personal participation in or any supervisory liability for the alleged violations of Mr. Peoples' constitutional rights. (*See* Amended Complaint (doc. # 9) at p. 2, p. 10 ¶¶ 1-2, and p. 11 ¶ 2). Mr. Peoples has not pled that Defendant Zavaras had any direct contact with him, that Defendant Zavaras was present during any of the conduct alleged, or that Defendant Zavaras actually knew of and acquiesced in the alleged violations. As Mr. Peoples has failed to allege a basis for holding him individually liable under § 1983, Defendant Zavaras is properly dismissed from this civil action.

b. Failure to State Eighth Amendment Claim[2]

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eight Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Certain conditions of confinement, if they inflict pain unnecessarily, and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component is analyzed by the standard of "extreme deprivations" being required to make a claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission…result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eight Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303-04. A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to

---

[2] Mr. Peoples specifically states in his Amended Complaint that he brings claim number one "solely as an Eighth Amendment claim." (*See* Amended Complaint (doc. # 9) at p. 3 of 28 ¶ 1).

6

inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Mr. Peoples alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, because the removal of funds from his prison account left him without the funds necessary to purchase items for his basic hygiene. The deprivation of some hygiene items for an extended period of time can implicate the Eighth Amendment. *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996). The denial is only violative of the Eighth Amendment when it denies the inmate the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 347.

Looking to the objective component of an Eighth Amendment claim, Mr. Peoples' allegations do not state a claim for deprivation of "the minimal civilized measure of life's necessities." *Id.* Mr. Peoples' own allegations indicate that he has chosen to spend his available funds on postage and copying related to his lawsuits and at the canteen rather than on hygiene items. (*See, e.g.* Amended Complaint (doc. # 9) at pp. 19, 27-28 of 28; Motion in Response to Defendants' Dismissal Pursuant to 12(b)(6) (doc. # 36) at pp. 20-22 of 24).[3] Between April 17,

---

[3] "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed. R. Civ. P. 10(c)). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to plaintiff's claim and the parties do not dispute the documents' authenticity); *Pension Ben Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.).

2003 and May 28, 2003, Mr. Peoples received funds in the amount of $500 and spent $408 on supplies from the canteen, postage and copying. (*See* Amended Complaint (doc. # 9) at p. 27 of 28). During the period of January 6, 2004 through September 8, 2004, Mr. Peoples received deposits in his inmate account in the total amount of $48.93. (*See* Amended Complaint (doc. # 9) at p. 28 of 28). Mr. Peoples' inmate account statements show he received payments in the amount of $19.88 for July 1, 2007 through August 2, 2007 and $13.77 for September 1, 2007 through October 3, 2007. (*See* Motion in Response to Defendants' Dismissal Pursuant to 12(b)(6) (doc. # 36) at pp. 20-21 of 24). During the period of September 1, 2007 to October 3, 2007, Mr. Peoples spent $4.68 on filing fees and postage related to his lawsuit, while at the same time he actually had $2.67 of available funds to use for personal hygiene items. (*See* Motion in Response to Defendants' Dismissal Pursuant to 12(b)(6) (doc. # 36) at p. 20 of 24). Finally, Mr. Peoples alleges he was assigned to school at LCF, and he receives $0.60 daily for attending classes. (*See* Amended Complaint (doc. # 9) at p. 6 of 28). As hygiene items are inexpensive, these were funds that Mr. Peoples could have used monthly to purchase necessary hygiene items. (*See* Motion in Response to Defendants' Dismissal Pursuant to 12(b)(6) (doc. # 36) at p. 11 of 24) ("Aim toothpaste $.90, Razor Dis $1.19...").

The law of the Tenth Circuit supports the court's conclusion that the Eighth Amendment does not require prison officials to provide hygiene products free of charge to inmates who are capable of purchasing such items on their own. Denying Mr. Peoples indigent status while he was receiving inmate pay and "thus requiring him to purchase his own hygiene supplies…does not constitute cruel and unusual punishment." *Scott v. Case Manager Owens (SCF)*, 80 Fed. Appx. 640, 643 (10th Cir. 2003) (Exhibit B to Defendant's Motion to Dismiss (doc. # 21-2)). Mr.

Peoples' "personal choice between spending his funds on hygiene products or unspecified litigation costs…is insufficient to state a claim on which relief may be given." *Gross v. Koury*, 78 Fed. Appx. 690, 695 (10th Cir. 2003) (Exhibit A to Defendant's Motion to Dismiss (doc. # 21-3)). "To require a prisoner who wishes to prosecute a legal action to have to choose occasionally between stamps and hygiene items is 'certainly no more a restriction than that which any indigent pro se non-prisoner must face.'" *Smith v. Cooper*, 2 F.3d 1161 at * 4 (10th Cir. 1993) (Exhibit C to Defendant's Motion to Dismiss (doc. # 21-4) (quoting *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)). Since Mr. Peoples' allegations show that he could purchase items with money from his account, the court concludes that Mr. Peoples fails to state a claim upon which relief can be granted.

Looking to the subjective component of a claim under the Eighth Amendment, an inmate must also allege that prison officials were deliberately indifferent to his safety or health. "In other words, plaintiff must allege that defendants knew of and disregarded an excessive risk to inmate health and safety." *Owens v. Sebelius*, 357 F. Supp. 2d 1281, 1285-86 (D. Kan. 2005) (citing *Farmer*, 511 U.S. at 837). Even if Mr. Peoples has alleged that Defendant Zavaras denied him basic hygiene supplies, he has not alleged that Defendant Zavaras acted with deliberate indifference to his health and safety. *See Waters v. Bass*, 304 F. Supp. 2d 802 ,811 (E.D. Va. 2004) (no deliberate indifference based on deduction of room and board fees from inmate account); *Breakiron v. Neal,* 166 F. Supp. 2d 1110, 1115-16 (N.D. Tex. 2001) (healthcare deductions from an inmate trust account is not deliberate indifference).

In sum, Plaintiff's first claim for relief is properly dismissed for failure to state a claim upon which relief can be granted.

c.  Failure to State a Due Process or Double Jeopardy Claim

Mr. Peoples' second claim for relief alleges that the withdrawal of funds from his inmate account to pay restitution owed in the multiple criminal matters for which he has been prosecuted constitutes a violation of his Fourteenth Amendment due process rights and the Fifth Amendment's prohibition against double jeopardy.

Colorado law has long required convicted defendants to pay restitution to crime victims. Pursuant to state law, courts are required to order restitution at the time of sentencing. *See* Colo. Rev. Stat. §§ 16-11-102(4)(1991 Cum. Supp.); 17-28-101 and - 102 (1991 Cum. Supp.). In addition, as a condition of probation, the sentencing court must order the defendant to make restitution to the victim for actual damages sustained by the victim. *See* Colo. Rev. Stat. § 16-11-204.5 (2001). *See also People v. Randolph*, 852 P.2d 1282, 1284 (Colo. App. 1992) (payment of restitution is authorized for the actual pecuniary damage sustained by the victim of a criminal defendant's conduct). The statute only gives directions to the executive director of the DOC concerning the collection of restitution from inmates.

> During any period of time that a defendant is a state prisoner, as defined in section 17-1-102(8), C.R.S., the executive director of the department of corrections, or his or her designee, may fix the time and manner of payment of restitution and may direct that a portion of the deposits into such inmate's bank account be applied to any unpaid restitution. At a minimum, the executive director shall order that twenty percent of all deposits into an inmate's bank account, including deposits for inmate pay shall be deducted and paid toward any outstanding order from a criminal case or for child support....
>
> Whenever a defendant is released from a correctional facility, the defendant shall be obligated to make payments for restitution as required by section 17-2-201(5)(c)(I), C.R.S.

Colo. Rev. Stat. § 16-18.5-106(2) and (3).

On September 1, 2000, the CDOC implemented Administrative Regulation 200-15

10

(Offender Restitution and Child Support Withholding). Under Department procedures,

> Twenty percent (20%) of all deposits into an inmate's bank account, including deposits for inmate pay will be deducted and paid toward any outstanding order from a criminal case (e.g., restitution and other costs or surcharges levied on criminal actions) or for child support.

A. R. 200-15 IV. A. The Administrative Regulation further states that copies of restitution orders and child support orders will be maintained by CDOC.

Administrative Regulation 200-15 provides that inmates will receive monthly statements showing deductions from their account and may obtain copies of restitution orders. CDOC permits inmates to challenge withholdings for restitution and CDOC will stop making deductions where the inmate presents court receipts or documents that show that the restitution was paid and the court confirms payment was made in full. Any excess withholdings will be refunded to the inmate. *Cf. Mahers*, 76 F.3d at 954-55. CDOC regulations neither purport to preclude an inmate's right to submit to the applicable District Court questions regarding interest or penalties added to that inmate's restitution order, nor restrict an inmate's access to the courts.

Mr. Peoples concedes that the regulations and statutes set forth above are properly applied to him, but he instead argues that he does not owe the full restitution amounts, because certain counts against him were dismissed, and/or that he is being forced to pay the monies twice in violation of due process and the Double Jeopardy Clause. (*See* Motion in Response to Defendants' Dismissal Pursuant to 12(b)(6) (doc. # 36) at pp. 13-14 of 24). Mr. Peoples provides documents supporting the fact that he has paid restitution amounts, and that those amounts are being properly disbursed over the various matters for which he still owes restitution. (*See* Amended Complaint (doc. # 9) at p. 15 of 24). Mr. Peoples provides documentation showing that he owes monies for court costs, victims assistance and victims compensation in criminal

11

matters 95CR4447 and 98CR48. (*See* Amended Complaint (doc. # 9) at pp. 15-17 of 24). He further submits a "Parole Agreement/Order" which shows that he is to pay $280.00 "in payments to be scheduled by the parole officer, until paid in full." (*See id.* at p. 18 of 24). Mr. Peoples' pleadings fail to set forth any facts to show that he has paid the monies that he owes twice or improperly, and instead the pleadings show that he still owes monies and that those funds are being properly disbursed. (*See id.* at p. 15 of 24). Mr. Peoples' own documentation shows that the monies could rightfully be deducted from his account. Mr. Peoples' second claim fails to provide a basis for either a due process or a double jeopardy claim and is properly dismissed with prejudice.[4]

Accordingly, IT IS RECOMMENDED that Defendant's Motion to Dismiss Amended Complaint [filed June 18, 2007; doc. 20] be GRANTED and this civil action be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

---

[4] I note in passing that the defendant also challenges plaintiff's claims on statute of limitations and qualified immunity grounds. Having concluded that Mr. Peoples failed to establish a violation of the Eighth Amendment or any other constitutional violation, the court need not proceed any further in examining these further possible grounds for dismissal.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 14th day of December, 2007.

BY THE COURT:

   s/ Craig B. Shaffer  
United States Magistrate Judge