IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00153-WDM-CBS

LOUIS PEOPLES,

    Plaintiff,

v.

ARISTEDES ZAVARES, Executive Director, C.D.O.C. (Individual and Official Capacities),

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (doc no 39) that this case be dismissed with prejudice for failure to state a claim upon which relief can be granted. Applicant filed timely objections to the recommendation and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record, including the Amended Complaint, Defendant's Motion to Dismiss, Plaintiff's response, the recommendation, and Plaintiff's objections. For the reasons that follow, the recommendation will be accepted in part.

Plaintiff is incarcerated in the Limon Correctional Facility in Limon, Colorado. His claims are based on his contention that deductions to his prisoner account are unconstitutional because he is left with insufficient funds to pay for hygienic supplies and

because monies have been deducted for restitution or court costs, which he contends are not owed. Defendant moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Complaint (doc no 20). Magistrate Judge Shaffer recommends dismissal on the following grounds: (1) the claims for damages against Defendant in his official capacity (i.e., against his employer) are barred by Eleventh Amendment immunity, as the Colorado Department of Corrections ("CDOC") is an arm of the state and not a person subject to suit under 42 U.S.C. § 1983; (2) claims against Defendant in his individual capacity fail because Plaintiff has not alleged personal participation by Defendant; (3) Plaintiff's Eighth Amendment claim fails under Tenth Circuit authority establishing that having to choose between purchasing hygiene items and paying litigation costs is not a violation of a prisoner's constitutional right to humane conditions of confinement; (4) Plaintiff failed to state a constitutional claim based on the withdrawal of funds to pay restitution and costs because the documents he presented with his complaint and response brief do not demonstrate any overpayment.

Plaintiff raises a number of objections to the recommendation, primarily reasserting that he does not owe the claimed restitution, that it is inherently unjust and unfair that he cannot procure hygiene supplies, that the case law cited by Magistrate Judge Shaffer is irrelevant or not binding, and that the recommendation resolves issues of fact, which would be inappropriate on a motion to dismiss. I will address the objections that appear relevant to each of the grounds for the recommendation.

1. <u>Eleventh Amendment Immunity</u>

Plaintiff has presented no legal authority or factual basis to rebut Magistrate

Shaffer's conclusion that claims for damages under section 1983 against Defendant in his official capacity are barred by the Eleventh Amendment. Plaintiff merely asserts that state officials should not be "untouchable." This is insufficient to demonstrate that Plaintiff's claims can overcome the Eleventh Amendment immunity available to agencies, such as the CDOC, deemed to be arms of the state. *Griess v. State of Colo.,* 841 F.2d 1042, 1044 (10th Cir. 1988) (concluding that Eleventh Amendment immunity was not waived for State of Colorado or CDOC). In addition, the determination that Defendant is entitled to immunity is a legal one and does not depend of resolution of factual issues. Accordingly, Plaintiff's objections to this portion of the recommendation are overruled. However, although not expressly indicated in the recommendation, immunity does not apply to the extent that Plaintiff seeks prospective injunctive relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908). *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (under *Ex Parte Young*, "the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001).

2.  <u>Individual Liability</u>

I agree with Magistrate Judge Shaffer that Plaintiff's allegations are insufficient to demonstrate any personal action by Defendant such that individual liability can be imposed on Defendant. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-53 (10th Cir. 2006) (to establish supervisory liability, a plaintiff must establish a "deliberate, intentional act" by a

3

supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation; a plaintiff must show active participation or acquiescence through personal participation, exercise of control or direction, failure to supervise, or tacit authorization of the offending acts.). Plaintiff's claims concern various statutes and CDOC regulations, which are attributable to the governmental entity, not any individual action of Defendant. *Reames v. Okla. ex rel. Okla. Health Care Authority*, 411 F.3d 1164, 1168 (10th Cir. 2005) (where plaintiff sought to impose liability on individual officials but all allegations concerned actions of the agency through the individual defendants, claims were deemed to be against defendants in their official capacity).

In his objections, Plaintiff appears to argue that Defendant informed of Plaintiff's grievances but "chose to ignore the matter" or otherwise did not respond to Plaintiff's satisfaction. The documents submitted with Plaintiff's amended complaint do not show that grievances or other correspondence were directed at Defendant. Moreover, as discussed below, I see no grounds for concluding that the policies at issue are unconstitutional; therefore, Defendant's failure to intervene on Plaintiff's behalf does not give rise to individual liability. These objections will be overruled.

3.  <u>Eighth Amendment Violation</u>

Plaintiff's claim in this regard appear to be limited to the two years preceding the filing of this lawsuit. During this period, according to the inmate account statements[1], he

---

[1] I may consider the account statements attached to the complaint and submitted with the briefs on the motion to dismiss without converting the motion to one for summary judgment, as they are central to Plaintiff's claims and their authenticity is not disputed. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

4

received deposits, much of which was taken out for restitution/court costs pursuant to C.R.S. § 16-18.5-106 (which directs the executive director of the CDOC to collect a portion of an inmate's bank account to be applied to unpaid restitution or child support). Nonetheless, adequate amounts remained from which he could purchase hygiene items. The statements show that Plaintiff used his funds for copying, postage, and medical copays. In addition, CDOC officials determined that Plaintiff was not eligible for indigent supplies, under applicable regulations, because he had earned income in the month preceding his request. Magistrate Judge Shaffer relied on unpublished Tenth Circuit authority which holds that requiring a prisoner to chose between spending his funds on litigation expenses or hygiene supplies is not an Eighth Amendment violation. *See, e.g., Scott v. Case Manager Owens (SCF)*, 80 Fed. Appx. 640, 643 (10th Cir. 2003). In addition, Magistrate Shaffer determined that Plaintiff could not establish that prison officials acted with deliberate indifference to Plaintiff's safety or health. I have reviewed the case law relied upon by Magistrate Shaffer and agree with his conclusion regarding Plaintiff's Eighth Amendment claim.

In his objections, Plaintiff appears to assert that the regulations are not applied uniformly to all prisoners, but otherwise does not provide any facts from which I can reasonably infer that CDOC officials are violating prisoners' equal protection rights.[2] Plaintiff also argues that evidentiary issues need to be developed. However, Plaintiff does not dispute the accuracy of the account statements but rather objects to the regulations

---

[2]Moreover, Plaintiff has not asserted an equal protection claim in his Amended Complaint.

regarding indigent eligibility for hygiene supplies and the deductions taken from his accounts for restitution. He does not deny that he had amounts available to him for to make purchases in the relevant time period. Under the circumstances, and in light of the relevant case law, no further factual development would change the legal determination that as long as Plaintiff was able to purchase hygiene supplies but elected to use his funds for other purposes, he cannot state a claim for violation of his Eighth Amendment rights.

Plaintiff also objects to Magistrate Judge Shaffer's consideration of amounts in Plaintiff's account in 2003 and Plaintiff's expenditures at that time. Since it is undisputed that Plaintiff had available funds during the relevant time period, I consider this issue to be immaterial. Finally, Plaintiff makes numerous assertions about the deprivation, the unfairness of the policies, and the "chilling effect" on his desire to pursue litigation. He also argues that the legal authority relied upon in the recommendation is irrelevant. Contrary to Plaintiff's assertion, the Tenth Circuit case law is directly on point. Although Plaintiff is unhappy about having to chose between pursuing litigation and paying for hygiene supplies, this does not demonstrate a constitutional violation. Plaintiff's objections to this portion of the recommendation are therefore overruled.

4. <u>Due Process/Double Jeopardy</u>

Plaintiff argues that his due process rights and protection from double jeopardy rights have been violated because amounts have been withdrawn from his accounts to pay restitution that Plaintiff contends is not owed. It is difficult to discern the basis for Plaintiff's claim that the restitution withdrawals are unlawful or unauthorized. The documents he produces show that he owes restitution for two cases, 95CR4447 and 98CR48, and that

6

amounts have been involuntarily deducted from his accounts to pay these outstanding orders. In his Amended Complaint, Plaintiff appears to argue that because he was convicted of a misdemeanor in one case and that he has completed his sentences of imprisonment in both cases, the CDOC's continued collection of restitution violates due process and amounts to double jeopardy and *ex post facto* punishment. He also asserts in his response to the motion to dismiss and objections that restitution has been paid in full. Magistrate Judge Shaffer reviewed the statute authorizing collection of restitution from inmate accounts and CDOC regulations governing involuntary withdrawals and determined that they properly apply to Plaintiff. He also reviewed the account statements and other documents and concluded that Plaintiff owed restitution for the two cases, that deductions were properly made, and that amounts are still owing. Plaintiff objects on the grounds that the decision resolves issues of fact before any discovery or factual development has occurred.

Under the theory asserted by Plaintiff in his Amended Complaint, I agree that Plaintiff has failed to state a claim upon which relief can be granted. As noted by Defendant in the motion to dismiss, Plaintiff does not dispute that he was required to pay restitution in the two cases. Further, according to the Amended Complaint, Plaintiff appears to assert only that the "discharge" of his sentence of incarceration should somehow "discharge" his restitution debt. He also contends that since he was not originally sentenced to incarceration in a state facility in case 95CR4447, the CDOC does not have authority to collect any monies from him.

Plaintiff is incorrect that the CDOC's collection of the restitution for a particular case

7

can only occur when Plaintiff is serving the sentence for that case or when Plaintiff was originally sentenced to incarceration in a state facility. Completion of a sentence of incarceration does not mean that outstanding amounts owed for restitution are forgiven. The relevant statute states that the CDOC may make collections on outstanding amounts owed for restitution "[d]uring any period of time that a defendant is a state inmate." C.R.S. § 16-18.5-106(2). Accordingly, the fact that Plaintiff completed his sentences on the two cases for which restitution is owed has no bearing on whether further deductions may be made from his prison account while he continues to be incarcerated in state facilities. In addition, the fact that the statute authorizing the CDOC to collect such amounts was enacted after Plaintiff may have completed his sentences does not constitute double jeopardy or *ex post facto* punishment. *See, e.g., People v. Lowe*, 60 P.3d 753, 757 (Colo. App. 2002) (collection provisions do not increase restitution or other charges that were part of original sentence and therefore do not constitute *ex post facto* or double jeopardy violations).

The only issue remaining, then, is whether Plaintiff paid his restitution obligation in full but nonetheless continued to have amounts involuntarily withdrawn from his account. As noted, in his Amended Complaint he asserted only that his restitution debt was "discharged" or that the CDOC was not authorized to collect monies from his account but not that obligation was actually paid. In his response brief, however, he asserts that he paid all restitution amounts owed on case 98CR48 while on parole but that amounts were thereafter deducted from his account towards restitution in that case. I agree with Plaintiff that resolution of this matter is an issue of fact and cannot be decided on a motion to

8

dismiss. I will, therefore, not dismiss the entirety of Plaintiff's complaint with prejudice. However, since this question of Plaintiff's full payment was not clearly articulated until Plaintiff's response to the motion to dismiss, I recognize that Defendant may have additional legal defenses to this remaining claim and may, upon motion, submit a second motion to dismiss.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer (doc no 39), is accepted in part and Plaintiff's objections are overruled in part.

2. Defendant's Motion to Dismiss (doc no 20) is granted in part.

3. All claims for damages against Defendant in his official capacity are dismissed with prejudice.

4. The claims against Defendant in his official capacity for prospective injunctive or declaratory relief remain to be determined, specifically with regard to whether Plaintiff has paid all restitution owed in case 98CR48 and whether continued deductions from Plaintiff's account for that case are a violation of federal law.

5. All claims against Defendant in his individual capacity are dismissed with prejudice.

6. Plaintiff's Eighth Amendment claim is dismissed with prejudice.

DATED at Denver, Colorado, on January 11, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge