IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00153-WDM-CBS

LOUIS PEOPLES,
    Plaintiff,
v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Department of Corrections (Individual and Official Capacity),
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Mr. Peoples' failure to comply with court orders and Title 28 U.S.C. § 1915. Pursuant to the Order of Reference dated May 31, 2007 (doc. # 17), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters. . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Background

    Mr. Peoples was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Section1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Mr. Peoples has been directed to make such payments. (*See* "Order Granting 28 U.S.C. § 1915 Motion" (doc. # 5)).

    On May 7, 2007, the court specifically ordered Mr. Peoples to either to make the

required monthly payment for the months of March and April 2007 or to show cause why he has no assets and no means by which to make the monthly payments. (*See* doc. # 14). The court warned Mr. Peoples that it is not sufficient to meet his monthly payment obligation only when specifically directed by the court by an order to pay or show cause. (*See* doc. # 14). The court again warned Mr. Peoples that a failure to comply with its orders may result in the dismissal of this civil action. (*See* docs. # 5 and # 14).

On November 21, 2007, the court issued its "Second Order directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause." (*See* doc. # 37). The court noted that

> [s]ince the filing of his initial Complaint, Mr. Peoples has not made any partial filing fee payments, but has filed six inmate trust fund account statements reflecting income credited to his account between July 1, 2006 and October 3, 2007. (*See* docs. # 4, # 15, # 19, # 24, # 29, and # 34). Mr. Peoples' filings reflect income credited to his account in the amounts of $8.53 in January 2007, $20.39 in March of 2007, $18.40 in April of 2007, $18.81 in May of 2007, $26.53 in June of 2007, $19.88 in July of 2007, and $13.77 in September of 2007, 20% of which should have been paid into the court registry toward Mr. Peoples' filing fee. (*See* docs. # 4, # 15, # 19, # 24, # 29, and # 34). The record demonstrates that Mr. Peoples has failed to comply with the court's Orders, has failed to make the required monthly payments, and has failed to show good cause for his failure to submit any monthly payments.

(*See* doc. # 37). The court again warned Mr. Peoples that it is not sufficient to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause, as such a procedure unreasonably burdens the court. The court specifically ordered Mr. Peoples to pay into the court registry on or before December 15, 2007

2

> $4.07 for his 20% filing fee payment for the month of March 2007, $3.68 for his 20% filing fee payment for the month of April 2007, $5.30 for his 20% filing fee payment for the month of June 2007, $3.97 for his 20% filing fee payment for the month of July 2007, and $2.75 for his 20% filing fee payment for the month of September 2007, for a total payment of $19.77.

(*See* doc. # 37). The court further ordered that

> [b]y the **15th day** of **each** month Mr. Peoples shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. If payment is made for the preceding month, in order to verify that the appropriate amount is being paid, Mr. Peoples must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

(*See* doc. # 37) (emphasis in original). The court again warned Mr. Peoples that failure to comply with the court's order would result in a recommendation that this civil action be dismissed for failure to comply with § 1915 and the court's orders. (*See* doc. # 37).

Since the court's November 21, 2007 "Second Order . . . ," Mr. Peoples filed a "Motion in Response to the Court's Order Directing Plaintiff to Make Monthly Filing Fees or to Show Cause" with attached copies of his inmate trust fund account statements for September 1, 2007 to November 7, 2007, February 1, 2004 to February 29, 2004, July 1, 2006 to August 2, 2006, and February 1, 2006 to March 2, 2006. (*See* doc. # 38 at pp. 6-10 of 16). Mr. Peoples alleged his inability to pay the monthly filing fee. Even if his partial payments may be excused by his inability to pay, Mr. Peoples has failed to provide certified copies of his inmate trust fund account statements demonstrating that he is not required pursuant to § 1915(b)(2) to make a

3

monthly payment. On January 14, 2008, Mr. Peoples filed a "Motion Pursuant Orders [sic] for certified Copy of Inmate Trust Account for the Month" with a copy of his inmate trust fund account statement for December 1, 2007 to January 8, 2008, reflecting deposits of $11.00. (*See* doc. # 42).

On January 11, 2008, District Judge Miller dismissed all but a single issue in this action: whether Mr. Peoples "has paid all restitution owed in case 98CR48 and thus whether continued deductions from his account for that case are a violation of federal law." (*See* "Order on Recommendation of Magistrate Judge" (doc. # 41) at pp. 8-9 of 9).

II. Analysis

The court has advised Mr. Peoples on numerous occasions that he is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. (*See* docs. # 5, # 14, and # 37). In the thirteen months since this civil action was commenced, Mr. Peoples has made no monthly partial filing fee payments. In lieu of making monthly partial filing fee payments, Mr. Peoples has made six submissions of his inmate trust account statements to demonstrate why he has no assets and no means by which to make the monthly payments (*see* docs. # 42, # 38, # 34, # 29, # 24, and # 15), two of which were filed in response to orders from the court (*see* docs. # 38, # 37, # 15, and # 14).

In order to recommend the sanction of dismissal with prejudice of this civil action

4

for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds that although Defendants have not been prejudiced by Mr. Peoples' failure to follow the court's orders or § 1915, Mr. Peoples' persistent failure to follow the court's orders with respect to his obligation to pay the filing fee, and the court's repeated review of his file and issuance of orders regarding the filing fee has increased the workload of the court and therefore interfered with the administration of justice.

The record does not reveal that anyone other than Mr. Peoples is culpable for his ongoing failure to comply with the court's orders and § 1915. Mr. Peoples has not demonstrated that he was unable to perform his obligations. The record supports the

5

court's conclusion that Mr. Peoples has willfully failed to comply with this court's orders and § 1915. The court has repeatedly warned Mr. Peoples of the possibility of dismissal for failure to comply with the court's orders and § 1915. Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders and § 1915.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 25th day of February, 2008.

BY THE COURT:


s/ Craig B. Shaffer
United States Magistrate Judge